NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHERRIE STEVENS, | No. 18-15490 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01002-JAD-NJK |
| v. | |
| ROMEO ARANAS, M.D.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted July 14, 2020**

Before:    SCHROEDER, CANBY, and TROTT, Circuit Judges.

Sherrie Stevens appeals pro se from the district court's summary judgment

in favor of prison officials in Stevens' action alleging violations of the Eighth

Amendment and the Americans with Disabilities Act ("ADA"). We have

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Stevens' deliberate indifference claim because Stevens failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to her medical needs. *See id.* at 1057-60 (deliberate indifference is a "high legal standard" that requires a defendant is aware of and disregards an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference). Stevens alleged that Nevada prison officials were deliberately indifferent to her claim that she suffered from Reflex Sympathetic Dystrophy ("RSD"), and that they failed to provide medication that she had received at a prior institution. However, the district court correctly observed that "[a] thorough review of [her] records . . . indicates that no formal, objective RSD diagnosis was ever made." Contrary to Stevens' argument, prison officials do not violate the Eighth Amendment when they require a medical diagnosis of a condition before beginning treatment. *Id.* at 1057 (explaining that a prison official acts with deliberate indifference only if the prison official knows of and disregards an excessive risk to inmate health and safety). Stevens' assertion that prison officials failed to follow the recommendation of outside specialists, is not supported by the record.

The district court also properly determined there was no genuine dispute of

material fact involving her claim that prison officials were deliberately indifferent by allegedly failing to obtain her Colorado medical records more quickly. Stevens has not demonstrated that any failure harmed her. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Stevens' records from Colorado do not include an objective diagnosis of RSD. Moreover, Stevens received medical treatment for her other neurological conditions beginning at intake in Nevada, and defendant Dr. Aranas testified in a deposition -- without contradiction -- that even if Stevens had RSD, she would likely be receiving the same combination of drugs that she was already prescribed.

Because Stevens did not identify any service or benefit that she was otherwise qualified to receive, but nonetheless excluded from because of her alleged RSD, her facts did not create a genuine dispute related to the ADA. *See McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

Defendants' motion to strike Stevens' letter (Docket Entry No. 38) is denied as moot.

Stevens' motion for a preliminary injunction (Docket Entry No. 40) is denied without prejudice to Stevens first seeking relief in the district court. *See* Fed. R. App. P. 8(a).

**AFFIRMED.**